# United States District Court
# Central District of California

# **AMENDED**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | LA CR13-00665 JAK (1) |
| **Defendant** Almuntasser Hbaiu | Social Security No. | 7  5  8  6 |
| Alternate Court Name: Hbaiu, Almuntasser A | (Last 4 digits) | |
| akas: Also Known As: Hbaiu, Al Muntasser Abd | | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 02 | 11 | 2016 |

**COUNSEL**  Herbert L. Greenman, Retained
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Receipt of misbranded drugs in interstate commerce, Aiding and abetting pursuant to 21 U.S.C. § 331(c), 21 U.S.C. § 333(a)(1) and 18 U.S.C. § 2 as charged in Count 14 of the Fourth Superseding Indictment and Structuring financial transactions pursuant to 31 U.S.C. § 5324(a)(3), 31 U.S.C. § 5324(d)(2) and 18 U.S.C. § 2 as charged in Count 15 of the Fourth Superseding Indictment

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Almuntasser Hbaiu, is hereby committed on Counts 14 and 15 of the 26-count fourth superseding indictment to the custody of the Bureau of Prisons for a term of **TWENTY-FOUR (24) MONTHS**. This term consists of 12 months on Count 14 and 24 months on Counts 15, all to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two (2) years. This term consists of one year on count 14 and two years on count 15 of the 26-count fourth superseding indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05;

2. During the period of community supervision, the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment to the extent that either remains unpaid;

3. The defendant shall submit his business to: (a) a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the Probation Officer or any agency directed by the USPO; and (b) questioning of knowledgeable individuals within the organization;

4. The defendant shall be prohibited from engaging in the production, sale or any commerce concerning male enhancement products;

5. The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation if any remains outstanding. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

| USA vs. Almuntasser Hbaiu | Docket No.: | LA CR13-00665 JAK (1) |

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons at or before **noon on May 3, 2016.** In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The bond is exonerated upon self-surrender.

It is ordered that the defendant shall pay to the United States a special assessment of $125, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay to the United States a total fine of $60,000 consisting of the following: Count 14, a fine of $10,000; and Count 15, a fine of $50,000. The total fine shall bear interest as provided by law.

The fine shall be paid in full no later than 120 days after sentencing.

The Court has found that the property and monies identified in the Government's position papers are subject to forfeiture. There is no objection by defendant or his counsel. The parties shall file a stipulation that identifies specifically the forfeited property. The order, upon its entry, shall be made a part of this Judgment.

The defendant shall comply with General Order No. 01-05.

All remaining counts are dismissed as to this defendant only.

The Court recommends to the Bureau of Prisons that the defendant be housed at either the FCI Lompoc or FCI Taft facility.

**IT IS SO ORDERED.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| February 11, 2016 | | |
|---|---|---|
| Date | | John A. Kronstadt, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| February 11, 2016 | By | |
|---|---|---|
| Filed Date | | Andrea Keifer, Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs. Almuntasser Hbaiu        Docket No.: LA CR13-00665 JAK (1)

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. Almuntasser Hbaiu　　　　　Docket No.: LA CR13-00665 JAK (1)

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

　　　　　　　　　　　　　　　　　　By _____
Date　　　　　　　　　　　　　　　　　　Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

　　　　　　　　　　　　　　　　　　By _____
Filed Date　　　　　　　　　　　　　　Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
　　　　　Defendant　　　　　　　　　　　　　　　　　　　Date

_____　　　　　　　　　　　　　　_____
U. S. Probation Officer/Designated Witness　　　　　　　　Date

# NOTICE PARTY SERVICE LIST

Case No. _____  Case Title _____

Title of Document _____

| | | | | |
|---|---|---|---|---|
| | ADR | | | US Attorney's Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | | US Attorney's Office - Civil Division - S.A. |
| | BOP (Bureau of Prisons) | | | US Attorney's Office - Criminal Division -L.A. |
| | CA State Public Defender | | | US Attorney's Office - Criminal Division -S.A. |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | | US Bankruptcy Court |
| | Case Assignment Administrator | | | US Marshals Service - Los Angeles (USMLA) |
| | Chief Deputy – Administration | | | US Marshals Service - Riverside (USMED) |
| | Chief Deputy – Case Processing | | | US Marshals Service - Santa Ana (USMSA) |
| | Chief Deputy – Judicial Services | | | US Probation Office (USPO) |
| | CJA Supervising Attorney | | | US Trustee's Office |
| | Clerk of Court | | | Warden, San Quentin State Prison, CA |
| | Death Penalty H/C (Law Clerks) | | | Warden, Central California Women's Facility |
| | Deputy-in-Charge Eastern Division | | | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
| | Deputy-in-Charge Southern Division | | | Name: |
| | Federal Public Defender | | | Firm: |
| | Fiscal Section | | | Address (*include suite or floor*): |
| | Intake Section, Criminal LA | | | |
| | Intake Section, Criminal SA | | | |
| | Intake Supervisor, Civil | | | *E-mail: |
| | Managing Attorney, Legal Services Unit | |  | *Fax No.: |
| | MDL Panel | |  | * For CIVIL cases only |
| | Ninth Circuit Court of Appeal | | | ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| | PIA Clerk - Los Angeles (PIALA) | |  | |
| | PIA Clerk - Riverside (PIAED) | | | |
| | PIA Clerk - Santa Ana (PIASA) | |  | |
| | PSA - Los Angeles (PSALA) | |  | |
| | PSA - Riverside (PSAED) | |  | **Initials of Deputy Clerk** _____ |
| | PSA - Santa Ana (PSASA) | | | |
| | Statistics Clerk | | | |

G-75 (docx 10/15)  **NOTICE PARTY SERVICE LIST**